# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 17, 2015 Session

## CITY OF BARTLETT v. PAMELA MOSES

### Appeal from the Circuit Court for Shelby County
### No. CT00499812      James F. Russell, Judge

_____

### No. W2014-02220-COA-R3-CV – Filed December 7, 2015

_____

Upon review of the record transmitted to us on appeal, we conclude that this case should have been appealed to the Tennessee Court of Criminal Appeals.  As we are without jurisdiction, we must transfer the case to the Court of Criminal Appeals in accordance with Rule 17 of the Tennessee Rules of Appellate Procedure.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Transferred

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD P.J., W.S. and KENNY ARMSTRONG, J., joined.

Pamela Jeanine Moses, Memphis, Tennessee, Pro se.

David J. Lakin, Bartlett, Tennessee, for the appellee, City of Bartlett.

### MEMORANDUM OPINION[1]

### Background and Procedural History

On September 10, 2012, a Bartlett, Tennessee police officer ticketed Appellant Pamela Moses ("Ms. Moses") with two motor vehicle offenses.  She was charged with driving 55 miles per hour in a 40 mile per hour zone, as well as illegally parking in a handicap spot.  She was summoned to appear in Bartlett City Court, and the matter was heard

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

by the City Judge approximately a month later on October 22, 2012. The City Judge ultimately found her guilty of both charged offenses.

Following these convictions, Ms. Moses prayed for an appeal "to the next term of the Circuit (Criminal) Court of Shelby County, Tennessee." The matter eventually came to be heard in Division 2 of the Shelby County Circuit Court on October 29, 2014. When Ms. Moses failed to appear, the trial court ruled that her case would be dismissed for lack of prosecution. An order dismissing her appeal from the City Court was entered on November 7, 2014. Ms. Moses then pursued an appeal to this Court.

In her appellate brief, Ms. Moses raises a host of issues for our consideration. Restated slightly, her presented issues are as follows:

1. Whether the trial court erred in dismissing the case without exercising due diligence in due process requirements for verifying proof of notice?

2. Whether Appellant's procedural due process rights were violated by not receiving a fair and impartial hearing?

3. Whether the Appellant was denied a right to a *de novo* trial on the merits?

4. Whether the trial court abused its discretion in dismissing the case for want of prosecution?

5. Whether it was the City of Bartlett's responsibility to prosecute the case or the Appellant's?

6. Whether or not a traffic citation fine and moving violation sentence can be issued on the same ticket?

In the City of Bartlett's ("the City") appellate brief, the City requests that this Court uphold the trial court's order of dismissal. Alternatively, the City argues that we should dismiss the appeal on account of Ms. Moses' alleged failure to comply with the appellate rules of procedure. The City further suggests that Ms. Moses should be sanctioned for what the City perceives is a frivolous appeal. [2]

**Discussion**

---

[2] It should be noted that when this case was recently heard on this Court's afternoon docket on Tuesday, November 17, 2015, the Appellant also failed to appear for oral argument that she had requested.

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, we must begin our discussion by first considering whether we have jurisdiction over the subject matter of the case. Tenn. R. App. P. 13(b); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010). "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citation omitted). Moreover, it "relates to the nature of the cause of action and the relief sought." *Id.* (citation omitted). Because our review of the record leads us to conclude that this case is a criminal matter, we are of the opinion that this case should have been appealed to the Court of Criminal Appeals instead of this Court. In reaching this conclusion, we note that the record transmitted to us does not indicate that Ms. Moses was charged with violating municipal ordinances such that the appeal could be deemed civil in nature. *See generally State v. Tubwell*, No. W2012-01385-CCA-R3-WM, 2012 WL 6476097, at *2 (Tenn. Crim. App. Dec. 13, 2012) (noting that the nature of appellate jurisdiction is dependent on whether the defendant was charged with violating a municipal ordinance as opposed to a state statute). Instead, the record indicates that Ms. Moses was charged with state law violations.[3] As such, we must transfer this matter to the Court of Criminal Appeals for further resolution in accordance with Rule 17 of the Tennessee Rules of Appellate Procedure.[4] An order transferring the case will be entered contemporaneously with the filing of this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE

---

[3] Although the record does not specifically indicate which particular sections of the Tennessee Code Ms. Moses is alleged to have violated, the record does not in any way suggest that the cited offenses are related to municipal violations. On the warrant from the City Court proceedings, there are two sections. The first section contains a heading entitled "Bartlett City Ordinance Violation." It should be noted that the section form below this heading was left blank. The second section on the warrant form begins with the title "State Misdemeanor Violation- City Jurisdiction." The heading is followed by a proviso which alludes to several rights possessed by defendants in criminal proceedings. It should be noted that the motor vehicle offenses at issue are listed in this section on the warrant form. Moreover, upon questioning by this Court at oral argument, counsel for the City acknowledged that the Appellant was convicted of state misdemeanor violations and not violations of Bartlett City ordinances.

[4] Although we do not have jurisdiction over this appeal, we seriously question (1) whether the appeal from the City Court proceedings should have been to the Shelby County Criminal Court instead of the Circuit Court and (2) whether the attempted appeal from the City Court judgment was timely where the judgment was entered on October 22, 2012 and the notice of appeal was filed on November 21, 2012. *See* Tenn. Code Ann. § 27-5-102.